THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Travelers
 Insurance Company, Appellant,
v.
The South
 Carolina Second Injury Fund, Respondent.
 
 
 

Appeal From Greenville County
 Robin B. Stilwell, Circuit Court Judge

Unpublished Opinion No. 2012-UP-211
Heard March 12, 2012  Filed March 28,
 2012   

AFFIRMED

 
 
 
Lawson Brenn Watson, of Greenville, for
 Appellant.
Latonya Dilligard Edwards, of Columbia,
 for Respondent.
 
 
 

PER CURIAM: In this workers' compensation case,
 Travelers Insurance Company appeals the circuit court's order affirming the
 decision of the Appellate Panel of the Workers' Compensation Commission to deny
 reimbursement to Travelers from the South Carolina Second Injury Fund. 
 Travelers argues the Appellate Panel erred in finding it did not prove two
 prerequisites to reimbursement: (1) that the claimant's preexisting impairments
 constituted a hindrance or obstacle to his employment , and (2) that the
 preexisting impairments combined with the claimant's subsequent work injury to
 result in Travelers incurring substantially greater liability for the
 claimant's compensation and medical costs.  We find no error of law in either
 of the Commission's findings and find they are supported by substantial
 evidence.    
We affirm pursuant to Rule 220(b)(1),
 SCACR, and the following authorities: S.C. Code Ann. § 42-9-400 (2003)[1] (setting out what an employer or insurance carrier must prove to receive
 reimbursement); Bartley, 392 S.C. at 306, 709 S.E.2d at 622 ("[T]his
 Court must affirm the findings of fact made by the Commission if they are supported
 by substantial evidence.").
AFFIRMED.
FEW, C.J., and HUFF and SHORT, JJ.,
 concur.

[1] Section 42-9-400 was amended in 2007.  2007 S.C. Acts
 633-37.  The amended version "applies to injuries that occur on or
 after" July 1, 2007.  Id.; see also Bartley v. Allendale
 Cnty. Sch. Dist., 392 S.C. 300, 308 n.6, 709 S.E.2d 619, 623 n.6 (2011). 
 Because the claimant's injury occurred in 2006, we use the prior version of §
 42-9-400.